SHALLIES v. WILCOX, appellant.

*Lease — covenant running with — lessee may recoup damages for breach of by lessor.*

Defendant leased certain premises under an agreement that he was to pay for the rent thereof and for board in the lessor's family $300 per annum. During the term of the lease the lessor refused to continue to board defendant. *Held,* that the agreement for board was a collateral contract running with the lease, the breach of which would not take away the right to recover for the rent if the lessee occupied the premises, but would give the lessee the right of recoupment for damages sustained, which right was not affected by the fact that the lessee's conduct was a sufficient cause for the breach by the lessor.

APPEAL from a judgment in favor of plaintiff entered upon the report of a referee. The action was brought in Wyoming county by Nelson Shallies and another against Eugene W. Wilcox to recover rent for one-half year's occupation of a store. The store was leased to defendant by said Shallies, by a written lease, for the term of three years at a yearly rent of $300, payable semi-annually. The lease contained the following covenant : "Also the said Nelson Shallies further agrees, in consideration of the above covenants and agreements, to board the said Eugene W. Wilcox during said term at his house in Arcade."

Defendant took possession of the store and commenced to board at Shallies' house, and continued to so board until the refusal of Shallies to permit him to remain longer. Shallies claimed that the reason of such refusal was the misconduct of the defendant at the table and in the family, rendering it improper for him to remain. Defendant asked that the value of the board be deducted from the amount of the rent alleged to be due. The referee refused to allow this, but reported in favor of plaintiffs for the amount claimed less a small sum for goods sold plaintiff Shallies by defendant.

*S. S. Spring,* for appellant, cited *Griffin* v. *Colver,* 16 N. Y. 489, 491; *Passinger* v. *Thorburn,* 34 id. 634, 635.

*I. Sam. Johnson,* for respondent.

E. DARWIN SMITH, J. By the term of the lease upon which this action was brought the lessor was to receive $300 per annum for the rent of the store occupied by the defendant, and the board of the said defendant in his, the plaintiff's, family. This I think the true construction of the lease.

The lessor agreed, in consideration of the covenants and agreements in said lease contained, "to board the said Eugene Wilcox during said term at his house in Arcade." The defendant was as much entitled to his board as he was to occupy the demised premises. The sum of $300 stipulated to be paid for the rent of the store was in part payment for such board. The agreement for the board was like a covenant for repairs or other collateral covenant in a lease running with it and part of the contract, the breach of which would not take away the right to receive or recover for the rent, while the lessee continued to occupy the premises, but would give him a right of recoupment or counter-claim to the extent of the damages sustained. When lessor elected not to board the defendant longer, for whatever cause, he relinquished, in legal effect, a right to recover the full consideration for the occupancy of the store, called rent, to the extent of the value of the defendant's board.

The defendant clearly had the right of recoupment and counter-claim to the extent of the value of his board from the time in the said half-year that the plaintiff Shallies had refused to board him. It was in proof on the trial that board at the time was worth in Arcade $3 a week. The referee erred in giving judgment for the plaintiff for the full amount of rent, without making any deduction therefrom for the amount of the defendant's counter-claim for board during the time. The question whether the defendant was drunk or sober at the plaintiff's house, or otherwise misconducted himself, I do not think of any consequence in the case.

The plaintiff had a clear right to control his own house and refuse to board the defendant with or without cause; but when he elected not to board him, he could not recover the full price for the occupation of the store and his board to the same effect as if

the defendant had had the full benefit conferred upon him by the lease.

The proof shows that the plaintiff Shallies did not board the defendant from about the middle of June, 1872 till the end of the half-year, the 9th of September, 1872, being part of the half-year for which rent is claimed and was recovered.

Twelve weeks board at $3 a week from the middle of June to the 9th of September, would amount to $36. This amount at least should have been deducted and allowed by the referee at the date of his report. This sum should be deducted from the judgment, and it should be affirmed for the balance, and neither party should have costs upon the appeal.

*Judgment accordingly.*